

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

# 0-4391

Honorable John D. Reed
Commissioner, Bureau of Labor Statistics
Austin, Texas

Dear Sir:

> Opinion No. 0-4391-A
> Re: Construction of Article 1573,
> Texas Penal Code, as applicable
> to Brown County, Texas.

In our opinion No. 0-4391, written on April 24, 1942, we held that since there is no city nor town in Brown County, Texas, having a population of 15,000 or more that Article 1573 of the Texas Penal Code did not apply to said county.

Upon further consideration we have concluded that we were partially in error in the conclusions reached in that opinion and therefore that portion of the opinion construing Article 1573 of the Texas Penal Code is withdrawn. Article 1573, Penal Code, is as follows:

> "Any person, or any agent or employee of any person, firm or corporation who shall hereafter employ any child under the age of fifteen years to labor in or about any factory, mill, workshop, laundry, or in messenger service in towns and cities of more than fifteen thousand population, according to the preceding Federal census, shall be fined not less than Twenty-five Dollars nor more than Two Hundred Dollars, or be imprisoned in jail for not more than sixty days."

In Spears v. City of San Antonio, 223 S.W. 166, it was said by the Supreme Court of Texas:

> "There is but one rule of construction, and that is that the legislative intent must govern."

844

Honorable John D. Reed, page 2


Thus a statute would be construed with reference to its intended scope, its general purpose, and the end or object sought to be attained, all of which are matters of legislative intent.

The paramount evil which Article 1573, supra, manifestly sought to prevent was injury to children under 15 years of age resulting from the occupation of such children in manual labor in or about factories, mills, workshops and laundries, this regardless of the size of the city or town in which such specified establishments might be situated. The size of the city or town in which such establishment might be situated could have no effect on the evil sought to be prevented in this respect. The words ". . . or in messenger service in towns or cities of more than 15,000 population. . . ." apply only to the employment of such children in messenger service in towns or cities of more than 15,000 population, according to the preceding federal census. Manifestly the legislature considered that messenger service in cities or towns having a population of more than 15,000 was more dangerous than in cities having a lesser population. By so limiting this feature of the Act the effect is to permit the employment of children under 15 years of age in messenger service in towns having a population of 15,000 or less. As there is no city nor town in Brown County having a population of more than 15,000, children under the age of 15 years may lawfully be employed in messenger service in any city or town in Brown County. However, such children may not be employed to labor in any factory, mill, workshop or laundry in Brown County.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  E. B. Pharr

E. C. Pharr
Assistant

Richard Cooke
Assistant

APPROVED OCT 2, 1942

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

EGP:AMM

Gerald C. Mann

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN